# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1889

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| German Ocampo-Murillo, also | * | |
| known as German Murillo, also | * | [UNPUBLISHED] |
| known as Francisco Torres-Figueroa, | * | |
| also known as German Leonardo, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: August 10, 2011
Filed: August 11, 2011

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

German Ocampo-Murillo pled guilty to reentering the United States unlawfully after having been deported following conviction for an aggravated felony, a violation of 8 U.S.C. § 1326(a) and (b). The district court[1] sentenced him to 57 months' imprisonment, the bottom of the undisputed advisory Guidelines range. On appeal,

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

his counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence is unreasonable and that the district court abused its discretion in declining to recommend to the Bureau of Prisons (BOP) that Ocampo-Murillo participate in its 500-hour drug-treatment program.

We conclude that the district court committed no procedural error at sentencing and did not impose a substantively unreasonable sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We further conclude that the district court did not abuse its discretion in declining to recommend the 500-hour drug-treatment program, especially given the lack of evidence of recent substance abuse by Ocampo-Murillo. *See* 18 U.S.C. § 3621(b) ("The [BOP] shall make available appropriate substance abuse treatment for each prisoner [it] determines has a treatable condition of substance addiction or abuse.").

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____